FILED'08 DEC 08 15:49 USDC-ORM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| JEFFREY RICE, | ) | CV 08-3131-PA |
| | ) | |
| Plaintiff, | ) | **TEMPORARY RESTRAINING ORDER** |
| v. | ) | **(ISSUED EX PARTE)** |
| | ) | |
| HOUSEHOLD FINANCE CORP. II; | ) | |
| MERSCORP, INC.; MORTGAGE | ) | |
| ELECTRONIC REGISTRATION | ) | |
| SYSTEMS, INC.; SECURED | ) | |
| FUNDING CORP; REGIONAL | ) | |
| TRUSTEE SERVICES CORP.; | ) | |
| HSBC MORTGAGE SERVICES INC.; | ) | |
| UNKNOWN OWNERS OF THE | ) | |
| EVIDENCE OF THE DEBT and/or | ) | |
| OWNERS OF THE NOTE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PANNER, Judge.**

Plaintiff Jeffrey Rice brings this action, pro se, against defendants Household Finance Corp. II; Merscorp, Inc.; Mortgage Electronic Registration Systems, Inc.; Secured Funding Corp.; Regional Trustee Services Corp.; HSBC Mortgage Services Inc.,; and Unknown Owners of the Evidence of the Debt and/or Owners of the Note.

1 - TEMPORARY RESTRAINING ORDER (EX PARTE)

From the materials presented by Plaintiff, it appears that he owned a home at 1135 Rainbow Drive, in Grants Pass, Oregon, 97526. In May 2005, he obtained consumer credit secured by a trust deed against the Rainbow Drive property. On or about July 9, 2007, a non-judicial foreclosure allegedly occurred, in which defendant Household Finance Corp. II allegedly purchased the property from itself. On November 6, 2008, either the Jackson or Josephine County Circuit Court for the State of Oregon allegedly issued an Order of Default in an action against Plaintiff.

On or about November 19, 2008, defendants allegedly caused the Josephine County Sheriff to evict Plaintiff from the premises and to lock his personal property inside the structure. Defendants apparently are now attempting to re-sell or otherwise dispose of the home and of Plaintiff's personal property. From the documents furnished to this court by Plaintiff, such sale or other disposition appears imminent.

Plaintiff asserts various theories as to why defendants' conduct is wrongful and why he is entitled to relief. Given the imminence of the proposed conduct and the irreparable harm to Plaintiff that could result, the court hereby enters a Temporary Restraining Order enjoining defendants, their agents, and all others acting in concert with them, from selling or otherwise disposing of the real or personal property at 1135 Rainbow Drive, in Grants Pass, Oregon.

In granting this Temporary Restraining Order *ex parte*, I

express no opinion regarding the merits of this dispute or any jurisdictional questions that may arise.

For purposes of Fed. R. Civ. P. 65(b), Plaintiff has made a sufficient showing that unless the injunction is granted, he may sustain immediate and irreparable injury before there is an opportunity to hear from all parties. From the present record, it does not appear that irreparable harm to Defendants will result from the granting of this temporary injunction.

This injunction is effective immediately, and will remain in effect until 5:00 p.m. on Monday, December 22, 2008, unless this court either extends the injunction or enters an order terminating the injunction sooner. The court, in the exercise of its discretion, finds that no security bond is necessary for this temporary injunction.

On Monday, December 22, 2008, at 1:00 p.m, the court will hear evidence and argument concerning whether a preliminary injunction should issue or whether this temporary injunction should be dissolved. Defendants have until December 19, 2008, to submit any written response.

Plaintiff shall arrange for service upon Defendants.

IT IS SO ORDERED.

DATED this 8th day of December, 2008, at 4:00 P.M.

OWEN M. PANNER
UNITED STATES DISTRICT JUDGE